**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| MARCUS PRINCE,           §<br>     Petitioner,           §<br>                              §<br>v.                            §<br>                              §<br>NATHANIEL QUARTERMAN, Director, §<br>Texas Department of Criminal Justice, §<br>Correctional Institutions Division, §<br>     Respondent.          § | Civil Action No. 4:09-CV-104-Y |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Marcus Prince, TDCJ-ID #0318417, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, and is being housed at the Tarrant County jail.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. PROCEDURAL HISTORY

On March 16, 2006, pursuant to a plea bargain agreement, Prince pled guilty to failing to comply with state sexual offender registration requirements in Tarrant County, Texas, and the trial

court assessed his punishment at four years' confinement. (Resp't Preliminary Resp., attachments) Prince did not appeal his conviction or sentence. On February 7, 2009, Prince filed this federal petition for habeas relief.[1] (Petition at 9) On February 13, 2009, Prince filed a state application for habeas relief, raising one or more of the claims presented herein. On February 17, 2009, Prince filed a motion to abey this federal action pending exhaustion of his claims in state court. (docket entry 3) On April 1, 2009, the Texas Court of Criminal Appeals granted Prince's state application for habeas relief. (Resp't Motion to Dismiss, Exhibit A) Quarterman has filed a preliminary response seeking dismissal of the action on limitations grounds and, more recently, a motion to dismiss the petition as moot. (Docket entries 9, 11) Although given an opportunity to respond, Prince has not replied to Quarterman's motion to dismiss.

## D.  Mootness

Quarterman asserts that the petition should be dismissed with prejudice because the state court's grant of habeas relief renders the petition mooted. Article III, Section 2, of the Constitution extends the "judicial Power" of the United States to actual "Cases" and "Controversies." A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome. *Powell v. McCormack,* 395 U.S. 486, 496 (1969). To the extent that Prince prevailed on his claims in state court, his federal petition no longer presents a case or controversy for judicial review. *See Spencer v. Kemna,* 523 U.S. 1, 7 (1998) (explaining that a case becomes moot if it "no longer present[s] a case or controversy under Article III, § 2 of the Constitution").

---

[1] A pro se habeas petition is deemed filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

## II.  RECOMMENDATION

It is therefore recommended that Prince's motion for abeyance be denied as moot and that Quarterman's motion to dismiss Prince's petition with prejudice as moot be granted.

### III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until August 10, 2009.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until August 10, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the

opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED July 20, 2009.

      /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE